FILED
2013 Jan-22 AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

MICHAEL EASTER and
MARIE EASTER,

Plaintiffs,

VS CIVIL ACTION NO. ________________

FAMILY CREDIT, INC.;

Defendants,

COMPLAINT

COME NOW the Plaintiffs, by and through counsel, in the above styled cause, and for Plaintiffs' Complaint against the Defendant, state as follows:

**Jurisdiction and Venue**

1. This is an action brought by consumers for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (hereinafter "FDCPA"). Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that the Defendant is the corporate entity whose principal residence is Tuscaloosa, Alabama, is the owner of the indebtedness, and is the party undertaking the collection of the alleged debt of the Plaintiffs Easter. The events took place in this Judicial

District and the Defendant resides in this Judicial District. Defendant is subject to personal jurisdiction in this Judicial District.

**Parties**

3. The Plaintiffs, Michael Easter and Marie Easter ("Plaintiffs Easter"), are natural persons who reside within this Judicial District, in Morgan County, Alabama.

4. Defendant, Family Credit, Inc., is a domestic corporation organized under the laws of the State of Alabama, whose address is 505 Hargrove Rd E, Tuscaloosa, Alabama 35223, and engages in the business of loaning money. This Defendant conducts its business in this Judicial District.

**Factual Allegations**

5. On June 29, 2010, Metro Loans, Inc. filed a complaint, in the Small Claims Court of Marshall County, Alabama, Case No. SM-2010-900148, against Plaintiffs Easter, on a note and security agreement dated April 12, 2002. This complaint was filed in the wrong judicial district. At the time, Metro Loans, Inc. listed their address as P.O. Box 1535, Pinson, Alabama 35126, which is in Jefferson County, Alabama. The Plaintiffs Easter resided at 1555 Pines Road, Somerville, Alabama 35670, which is Morgan County, Alabama, and at the date of this filing, are still residents of Morgan County, Alabama. No

service of process was made on this complaint at that time.

6. A period of two years elapsed from July 29, 2010, when the Sheriff's return on service indicated "Returned Party Moved", until August 21, 2012, when an "Alias" Summons and Complaint, Exhibit A attached, were issued, resulting in service on September 13, 2012.

This case is still pending in the Small Claims Court of Marshall County, Alabama.

7. The FDCPA provides that suit must be filed within one (1) years of any violation. Because of the lapse of two (2) years, as set out in No. 6 above, and the first knowledge by Plaintiffs Easter was by service on September 13, 2012, the statute of limitations is tolled, service being perfected on September 13, 2012 and this cause being filed this date.

8. According to the plaintiff in the Marshall County, Alabama lawsuit, Metro Loans, Inc., the entity known as Family Credit, Inc., purchased and was assigned all negotiable instruments of Metro Loans, Inc. as of January 20, 2011, which included the alleged debt claimed against Plaintiffs Easter herein. A copy of that "Assignment of Accounts" is attached hereto as Exhibit B. At no time from January 20, 2011 until October 3, 2012, did Family Credit, Inc. move to change or substitute its name in lieu of Metro Loans, Inc. in the

Marshall County, Alabama lawsuit and never notified the Plaintiffs Easter of the change in ownership of the account and never provided Plaintiffs Easter with any verification of the claimed debt.

9. Upon service of process on the Plaintiffs Easter on September 13, 2012, Plaintiffs Easter moved to dismiss the Marshall County, Alabama lawsuit "With Prejudice", raising several defenses, among which was that no entity existed by the name of "Metro Loans, Inc., the same having been dissolved on January 28, 2011, and no other entity having surfaced. A copy of the Articles of Dissolution as well as the Business Entity Details report from the Alabama Secretary of State reflecting the dissolution is attached as Exhibit C. Thus, there was no entity in existence by the name of Metro Loans, Inc. to serve as plaintiff in the Marshall County, Alabama lawsuit.

10. Upon receipt of Plaintiffs Easters' Motion to Dismiss, counsel for Metro Loans, Inc. filed a "Motion to Amend Name of Plaintiff" on October 3, 2012, a copy of which is attached as Exhibit D, which was granted on October 5, 2012.

11. The debt being collected is a consumer debt as defined by the FDCPA.

12. Plaintiffs Easter are "consumers" as defined by the FDCPA.

13. Defendant is a "debt collector" as defined by the FDCPA.

14. Defendant violated the FDCPA by taking legal action to collect a consumer obligation in a "judicial district" other than where the consumers reside or signed the contract. Plaintiffs' Easter reside in Morgan County, Alabama.

15. Defendant is a "new" debt collector and is required to send Plaintiffs Easter a debt verification notice as required under 15 U.S.C. § 1692g(a). Defendant sent no notice to Plaintiffs Easter, not even notice that it was the new owner of the debt.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692i

16. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

17. Defendant violated the FDCPA, 15 U.S.C. §1692i in the following way:

    a. By bringing suit against Plaintiffs Easter in a judicial district other than where the consumers reside or where the consumers signed the contract sued upon.

18. Because of the violation of the FDCPA, the Defendant is liable to the Plaintiffs Easter in that their conduct violated the FDCPA, and a judgment should be awarded each Plaintiff for actual damages, statutory damages, costs, expenses,

and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g**

19. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

20. Defendant violated the FDCPA in the following way:

    a. By failing to give the Plaintiffs Easter the required written debt verification notice.

    b. There was never any verification rights notice ever given to Plaintiffs Easter, either by the predecessor maker of the loan, Metro Loans, Inc., or by Defendant herein.

    c. Plaintiffs Easter, through their counsel, demanded verification of the debt pursuant to a letter dated November 6, 2012, Exhibit E attached, which was directed to defense counsel and verification has never been provided.

21. Because of the violation of the FDCPA, the Defendant is liable to the Plaintiffs Easter in that their conduct violated the FDCPA, and a judgment should be awarded each Plaintiff for actual damages, statutory damages, costs, expenses,

and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e**

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

23. Defendant violated the FDCPA, 15 U.S.C. §1692e by false, deceptive or misleading collection methods which are strictly prohibited, as follows:

    a. By filing pleadings, specifically an "Alias" Summons and Complaint, Exhibit A attached, and a "Motion to Amend Name of Plaintiff", Exhibit D attached, when said Plaintiff, Metro Loans, Inc., was not in existence and had previously been dissolved.

24. Because of the violation of the FDCPA, the Defendant is liable to the Plaintiffs Easter in that their conduct violated the FDCPA, and a judgment should be awarded each Plaintiff for actual damages, statutory damages, costs, expenses, and attorney's fees.

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs Easter respectfully pray that judgment be entered against the Defendant for the following:

A.  An award of actual damages, statutory damages, costs, expenses, and attorney's fees be entered in behalf of Plaintiff, Michael Easter.

B.  An award of actual damages, statutory damages, costs, expenses, and attorney's fees be entered in behalf of Plaintiff, Marie Easter.

C.  All further relief to which Plaintiffs Easter are entitled.

Respectfully submitted,

/s/ Jerry O. Lorant
Jerry O. Lorant ASB-8235-N60J
Attorney for Plaintiffs Easter

LORANT LAW, P.C.
6 Office Park Circle, Ste 214
Birmingham, AL 35223
Office:  (205) 871-7551
Fax: (205) 871-8882
Email: jol@lorantlaw.net

PLAINTIFFS EASTER DEMAND A TRIAL BY JURY IN THIS CAUSE.

/s/ Jerry O. Lorant
Attorney for Plaintiffs Easter

NOTE TO CLERK: Please serve this Complaint by Certified Mail as follows:

Family Credit, Inc.
c/o Registered Agent: William C. Kirkman
505 Hargrove Rd East
Tuscaloosa, AL 35401